## INJURY TO A BOY FROM A CABLE DRAGGING IN THE STREET. ·

Circuit Court of Cuyahoga County.

FRANK ORLINKOWSKI V. BERNARD GLOWIK, AN INFANT.

Decided, December 28, 1908.

*Expert Evidence—Witness Must First Qualify as Expert Before Giving Opinion Evidence—Error to Charge as to Issues Not in Case.* ·

1. It is error to permit a witness who has not qualified as an expert to express an opinion as to whether or not a certain appliance is dangerous.
2. Where an action is for personal injuries to plaintiff while upon a highway caused by defendant's alleged negligence, it is competent for the jury to consider the defendant's mode of using the highway.
3. It is error to charge that it is defendant's duty to employ reasonably competent men and reasonably safe appliances when there is no allegation in the petition as to the incompetence of defendant's employees, other than the allegation that they were negligent on this occasion.
4. It is error to charge that the burden of proving contributory negligence is upon the defendant, when that issue is not raised by the pleadings and an averment in the answer that the injury was caused by plaintiff's negligence is not an averment of contributory negligence.

*Foran, Pearson & Powell,* for plaintiff.
*T. J. Ross,* contra.

HENRY, J.; MARVIN, J., concurs.

Bernard Glowik, then ten years old, was injured October 6, 1905, by becoming entangled in a new wire cable which was used by the plaintiff in error to help haul his wagons loaded with brick up a hill in an almost disused portion of old Pearl street in Cleveland. The cable was rigged with pulleys in such a manner that a wagon going down hill would aid in pulling a loaded wagon going up. The boy had been sent for tobacco by one of the men employed in this work, and while alongside the cable, as it was dragging on the ground, after being detached from one of the wagons, he was caught by the hook at the

swaying or coiling free end of it. He alleges that he was then in the exercise of ordinary care and that his injury resulted from the negligence of the defendant below. The answer avers that Glowik's injury occurred by reason of his own negligence and carelessness and not by the carelessness and negligence of said defendant or any of his employees. This averment is in terms denied by the reply.

Upon the trial the defendant below introduced evidence tending to show that Glowik was taking hold of and playing with the cable and hook and that the men employed about the work were hallooing to him to keep away from it when he was injured; but the boy himself testified that his attention was called, by the man for whom he got the tobacco, to the latter's illustration of the way in which a Russian lights a cigarette and that while so preoccupied the hook caught him.

The jury returned a verdict for the plaintiff below, and after motion for new trial overruled and judgment entered on the verdict, a bill of exceptions exhibiting all the evidence was perfected and petition in error filed.

1. The first in order of the errors assigned is upon the refusal of the defendant's motion to withdraw from the jury the testimony given by one of plaintiff's witnesses, George Patterson, upon his recall, upon the ground that the mode of his examination by plaintiff's counsel was improper. The ruling was made on the statement by plaintiff's counsel that what was in form a cross-examination of his own witness was so "conducted upon the theory that plaintiff was taken by surprise in what he testified to and failed to testify."

We find no error here.

2. The second assignment of error is upon the admission in evidence of an opinion offered by plaintiff's witness, Frederick Fenstewald, who having testified that this new cable acted just like a snake" and whirled from one side of the street to the other, was asked, apparently as an expert in such matters, "What would you say, as you observed that cable and from your knowledge of cables and their working in general as to whether or not the apparatus and contrivance that you saw in operation was dangerous or otherwise?" To this, over objection and exception,

the witness answered: "Yes, sir, it was dangerous." This we hold was error, upon the authority of *Baltimore & Ohio Railway* v. *Schultz,* 43 Ohio St., 270, 282 and 283.

3. The remaining assignments of error relate to the charge of the court, to which a general exception was reserved sufficient, as we think, under the statute, to raise the questions made. On the measure of damages the court charged:

"If you find for the plaintiff you will award such damages as will fairly compensate for the injury. You may consider the injuries and nature of them, the pain the boy has suffered, if any, and may suffer, and all the expenses the plaintiff has been put to, you may consider the effect of the injuries upon the boy's bodily strength. The measure of damages is compensation and compensation only."

We do not reverse the judgment below for this possible assumption of permanancy in regard to Glowik's injuries, though it is nearly on all fours with the fatal error pointed out in *Weybright* v. *Fleming,* 40 O. S., 52.    The objectionable language there quoted is of the same kind, but more flagrant. We are not prepared to say here that the jury were misled, though we do not commend the language used.

It is complained further that the court erred in charging the jury that:

"Simply obstructing the public highway used by the general public, without any legal right to do so, would not be sufficient in itself to establish negligence. Although you may consider that fact, if such it was, in measuring the defendant's duty."

It is urged that this language implies that the defendant's use of the otherwise almost disused highway was illegal contrary to the holding, in *Higgins* v. *Grove,* 40 O. S., 521, that no action can be maintained to recover the penalty provided for by Section 4748 of the Revised Statutes of Ohio unless the obstruction therein mentioned amounts to the actual hinderance or inconvenience of travelers, or of any person passing along or upon such road or highway.

We are not prepared to say, however, that the defendant's mode of using this highway habitually did not constitute an

illegal obstruction. Whether it was so or not, it was clearly proper for the jury to consider the mode of use on this occasion as one of the circumstances bearing upon the issue of defendant's negligence, and this in substance is what the court below charged. If the defendant had desired an amplification of the law upon this subject, he should have specially requested the court to instruct the jury more particularly.

It is further complained that the court erred in charging the jury:

"It was the duty also of the defendants to employ reasonably competent men, and reasonably safe appliances for the prosecution of this work."

There was no issue made by the pleadings in regard to the competency of the men employed as distinguished from their alleged negligence upon this occasion, and the court should not therefore have imported this element into the case. To do so was clearly error.

The charge is further complained of in that the court permitted the jury to consider the pleadings for the purpose of determining the issues, without cautioning them that the allegations of the pleadings were not to be taken as evidence. Regarding this criticism we hold that if the defendant below desired this direction, he should have specifically requested that it be given.

The remaining objections to the charge relate to the subject of contributory negligence, and which, it is said, was not put in issue by the pleadings, and even if it were, was erroneously defined, as applied to infants, because it qualified the rule as laid down in *Rolling Mill Company* v. *Corrigan*, 46 O. S., 283, that "ordinary care for them, is that degree of care which children of the same age, of ordinary care and prudence are accustomed to exercise under similar circumstances."

The charge imported other elements than age into the determination of the question of the plaintiff's contributory negligence, such as his actual "knowledge, experience and capacity."

This qualification seems, however, to be justifiable in view of the language employed in *The Lake Erie & Western Railroad Company* v. *Nackey*, 53 O. S., 370; *Cincinnati Street Railway*

*Co.* v. *Wright, Administrator,* 54 O. S., 181; *Light & Power Co.* v. *Bell,* 26 C. C., 691 (affirmed without report, 70 O. S., 482). See also *Traction* v. *Blackston,* 27 C. C., 191, and *Willis Creek Coal Co.* v. *Mary Jones, Administratrix,* 30 C. C., 588.

We are, however, inclined to the opinion that the court erred in charging the jury that there was any burden of proof upon the defendant in this case in regard to contributory negligence, and in charging that there was any issue of contributory negligence, properly so-called, in the case. It is true, of course, that in an action for an injury alleged to have been caused by the negligence of the defendant, though it be not ordinarily necessary to allege in the petition that the injury was caused without the fault or negligence of the plaintiff, yet where the other averments necessary to state a cause of action suggest the inference that the plaintiff may have been guilty of contributory negligence, he must plead his freedom from it. *Street Railroad Company* v. *Nolthenius,* 40 O. S., 376.

It is also true that "even though the petition might, if the plaintiff were an adult, be construed as disclosing contributory negligence, an averment that the plaintiff was at the time a child of nine years of age, and of immature experience and judgment, is sufficient to rebut the presumption of contributory negligence." *The L. E. & W. Railroad Co.* v. *Mackey. supra.*

The rule as to burden of proof is similar, so that in an action for an injury occasioned by negligence. where the circumstances require of plaintiff the exercise of due care to avoid the injury, and the testimony offered in his behalf does not disclose any want of such care on his part, the burden is upon the defendant to show such contributory negligence as will defeat a recovery; but if plaintiff's own testimony, in support of his cause of action, raises a presumption of such contributory negligence, the burden rests upon him to remove that presumption. *Robison* v. *Cary,* 24 O. S., 241, and *Railroad* v. *Whittaker,* 35 O. S., 627.

Whatever may be true, therefore, in regard to the fate of a case, where contributory negligence, though not an issue formally tendered by the answer, is nevertheless so clearly disclosed in plaintiff's petition or in the evidence offered by him

in support thereof as to raise a presumption that his own want of care directly contribute to the injury of which he complains, it is certainly true in view of the decisions of the Supreme Court in *The Cincinnati Traction Co.* v. *Forrest,* 73 O. S., 1, and *The Cincinnati Traction Co.* v. *Stephens, Administrator,* 75 O. S., 171, that the defendant can neither claim advantage nor be subjected to disadvantage from instructions to the jury upon that issue erroneously imported into the case.

Upon the authority of *Cincinnati Traction Co.* v. *Forrest, supra,* we think it was clearly error for the court, in the case now before us, to charge that there was any burden whatever upon the defendant in his maintenance of such a supposed defense. For the jury finding that the defense had failed would likely be misled to suppose that the defendant's negligence with which the plaintiff's alleged negligence was said to have contributed in producing the injury, was admitted. The doctrine of our Supreme Court is that contributory negligence on the part of the plaintiff pre-supposes negligence on the part of the defendant; hence the court below erred in charging that the defense of contributory negligence was made by the pleadings, implying that the defendant had thus conceded his own negligence.

For these errors in the charge and in the admission of the testimony to the effect that the apparatus was dangerous the judgment of the court of common pleas is reversed and the cause remanded for further proceedings according to law.